UNITED STATES v. LA COMPAGNIE FRANCAISE DES CABLES TELE-
GRAPHIQUES et al.

(Circuit Court, S. D. New York. December 15, 1896.)

1. LAYING CABLES TO FOREIGN COUNTRIES—RIGHTS OF UNITED STATES.
    It would seem that no one, alien or native, has any right to establish a physical connection, as by means of a telegraphic cable, between the shores of this country and any foreign country, without the consent of the United States. Whether such consent shall be granted or refused is a political question, which, in the absence of legislation, would seem to rest with the executive.

2. SAME—PRELIMINARY INJUNCTION.
    A preliminary injunction against laying to our shores a cable connecting with a foreign country, without the consent of the government, will not be granted, at the instance of the latter, where the connection has been completed before the motion was submitted, and it does not appear that the United States will suffer any irreparable injury by its operation until final hearing.

This suit is brought by the district attorney and the attorney general of the United States against La Compagnie Francaise Des Cables Telegraphiques, the United States & Hayti Telegraph & Cable Company, and the United States & Hayti Cable Company to prevent the defendants from laying and landing at Coney Island a telegraphic cable between this country and Hayti, without the consent of the government of the United States. Motion was made for a preliminary injunction upon bill and affidavits.

Wallace Macfarlane, U. S. Atty., and Elisher Root, for the motion.
Robert G. Ingersoll and Frederick R. Coudert, opposed.

LACOMBE, Circuit Judge. A careful examination of the papers and briefs has not induced any change in the opinion expressed

upon the oral argument. Some of the questions raised as to the application of the act of 1890 seem, upon the authorities, not to be free from doubt, and they should be reserved for final hearing. The summary granting of a preliminary injunction is appropriate to a state of facts which presents some element of immediate necessity. There is none here. The laying of the cable was completed before this motion was submitted on affidavits and briefs, and there is nothing to show that its operation until final hearing will produce irreparable injury to the United States or to any individual. It is thought that the main proposition advanced by complainant's counsel is a sound one, and that, without the consent of the general government, no one, alien or native, has any right to establish a physical connection between the shores of this country and that of any foreign nation. Such consent may be implied as well as expressed, and whether it shall be granted or refused is a political question, which, in the absence of congressional action, would seem to fall within the province of the executive to decide. As was intimated upon the argument, it is further thought that the executive may effectually enforce its decision without the aid of the courts; but, even if defendants are correct in the contention that the executive has nothing to do with the matter, it is certainly indisputable that congress has absolute authority over the subject. That body is now in session, and if any urgent necessity, not disclosed in the papers before the court, should call for immediate action, it can settle the question of assent or nonassent with such definiteness as to leave no further room for argument. Motion for preliminary injunction is denied.